UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
NORTHERN DIVISION
ASHLAND

| | |
|---|---|
| HENRY L. BUTLER, JR., | ) |
| Petitioner, | ) Civil Action No. 10-101-HRW |
| vs. | ) |
| JOSEPH MEKO, | ) **MEMORANDUM OPINION** |
| Respondent. | ) **AND ORDER** |

\*\*\*\* \*\*\*\* \*\*\*\*

Henry L. Butler, Jr., is an inmate confined at the United States Penitentiary in Lompoc, California.[1] Butler has filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241 [R. 2] and has paid the filing fee. Having reviewed the petition[2], the Court concludes that the petition must be denied.

On May 8, 2008, Butler and two others forced their way into a home in Jefferson County, Kentucky, armed with knives and demanded money from the occupants. Butler was arrested by state

---

[1] Butler was confined at the Little Sandy Correctional Complex in Sandy Hook, Kentucky, when he filed this action, but was transferred from state to federal custody during its pendency. [R. 4] In light of the Court's resolution of his petition, the change in custody is immaterial.

[2] The Court conducts a preliminary review of habeas corpus petitions. 28 U.S.C. § 2243; *Harper v. Thoms*, No. 02-5520, 2002 WL 31388736, at \*1 (6th Cir. Oct. 22, 2002). Because the petitioner is not represented by an attorney, the petition is reviewed under a more lenient standard. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007); *Burton v. Jones*, 321 F.3d 569, 573 (6th Cir. 2003). At this stage the Court accepts the petitioner's factual allegations as true and his legal claims are liberally construed in his favor. *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555-56 (2007). Once that review is complete, the Court may deny the petition if it concludes that it fails to establish grounds for relief, or otherwise it may make such disposition as law and justice require. *Hilton v. Braunskill*, 481 U.S. 770, 775 (1987).

authorities in May 2008, and the Commonwealth of Kentucky subsequently charged him with four counts of Robbery II and Burglary II. [R. 2-1]

Immediately prior to those events, in March and April 2008, Butler was allegedly in possession of two firearms notwithstanding a prior felony conviction and was trafficking in cocaine. On February 19, 2009, while Butler was incarcerated at EKCC pending resolution of the state offenses, the United States charged Butler with being a felon in possession of a firearm in violation of 18 U.S.C. § 922(g) and drug trafficking offenses under 21 U.S.C. § 841(a).

On May 12, 2009, Butler signed a written agreement to plead guilty to one count of being a felon in possession of a firearm in exchange for the dismissal of the other federal charges. On November 14, 2009, the federal court sentenced Butler to a 72-month term of incarceration. *United States v. Butler*, 09-CR-9-DLB (E.D. Ky. 2009).

Five days later, on November 19, 2009, Butler signed a written agreement to plead guilty to the state charges, with a recommendation that he serve a total sentence of seven years incarceration, to be served consecutively to any other state sentence but concurrently with his federal sentence. [R. 2-1] Butler alleges that the state court ordered his state sentence to run concurrently with his previously imposed federal sentence. [R. 2 at 5]

Through his petition, Butler seeks "[t]o have my con-current sentence time credited from original arrest (May 2008) towards federal sentence." *Id*. Butler explains that his attorney advised him that regardless of whether a state or federal court imposes a concurrent sentence, "it is still concurrent both ways."

The Court must deny the petition, as the relief Butler seeks is precluded by federal statute. Calculation of a federal prisoner's sentence, including both its commencement date and any credits for custody before the sentence is imposed, is determined as follows:

> (a) A sentence to a term of imprisonment commences on the date the defendant is received in custody awaiting transportation to, or arrives voluntarily to commence service of sentence at, the official detention facility at which the sentence is to be served.
>
> (b) A defendant shall be given credit toward the service of a term of imprisonment for any time he has spent in official detention prior to the date the sentence commences–
>
>> (1) as a result of the offense for which the sentence was imposed; or
>>
>> (2) as a result of any other charge for which the defendant was arrested after the commission of the offense for which the sentence was imposed;
>
> that has not been credited against another sentence.

18 U.S.C. § 3585. The BOP implements Section 3585 through Program Statement 5880.28.

First, Butler's petition may be construed as requesting that his federal sentence be deemed to have commenced retroactively to his May 2008 arrest by state authorities. However, a federal sentence may not commence before the date it is imposed and the defendant is placed in custody for service of it. 18 U.S.C. § 3585(a); *United States v. Wells*, 473 F.3d 640, 645 (6th Cir. 2007); *United States v. Gaskins*, 393 F. App'x 910, 914 (3d Cir. 2010) ("Backdating a federal sentence [to commence prior to its imposition] conflicts with 18 U.S.C. § 3585(a) ..."). Butler's federal sentence therefore cannot have commenced before November 14, 2009, the date it was imposed, nor could it have commenced until he was received into federal custody to begin service of it, which appears to have occurred on or about June 2011. [R. 4]

And while "a state court may express its intent that a defendant's state sentence run concurrently with a previously imposed federal sentence, this intent is not binding on federal courts or the BOP." *United States v. Allen*, 2005 WL 332413, **2 (3d Cir. 2005) (*citing Barden v. Keohane*, 921 F.2d 476 (3d Cir. 1990)). This is because while the state court possesses the authority to order its sentence to *run* concurrently with the existing federal sentence, it has no power to

thereby cause the federal sentence to *commence* until the state sentence has expired. *Simms v. United States*, No. 08-cv-43-HRW (E.D. Ky. 2008) (slip op. of Sept. 21, 2009) (*citing Allen*).

Second, Butler's petition may be read as requesting that he receive prior custody credit under 18 U.S.C. § 3585(b). However, only the Bureau of Prisons, as the delegate of the Attorney General of the United States, has authority to compute such credits. *United States v. Gaskins*, 393 F. App'x 910, 914 (3d Cir. 2010). Further, Butler implies that the period he spent in state custody from May 2008 until his state sentence was imposed on November 14, 2009, was credited against the seven year sentence imposed by the Jefferson Circuit Court. If so, this time may not also be credited against his federal sentence, as such would constitute an impermissible "double counting" of this time. *United States v. Wilson*, 503 U.S. 329, 337 (1992); *Broadwater v. Sanders*, 59 F. App'x 112, 113-14 (6th Cir. 2003); *Huffman v. Perez*, No. 99-6700, 2000 WL 1478368 (6th Cir. Sept. 27, 2000).

The foregoing establishes that Section 3585 does not provide a basis to compel the BOP to either retroactively commence his federal sentence to the date of his arrest by state authorities or to grant precustody credit for the time he spent in state custody in service of his Kentucky sentence. The Court must therefore deny his petition.

Butler is advised that he may, however, request relief from the BOP in the form of a retroactive designation. In *Barden v. Keohane*, 921 F.2d 476 (3d Cir. 1990), the Third Circuit held that the BOP has the discretion to retroactively designate a state prison as the place of a prisoner's confinement to serve a federal sentence under 18 U.S.C. § 3621(b) in order to give practical effect to a state court's otherwise-unenforceable order that its subsequently-entered criminal judgment should run concurrently with a previously-imposed federal sentence. *Id.* at 478, 481-83. The practical effect of such a designation is to grant the federal prisoner credit against his federal sentence for all of the time spent in state custody, in effect serving the two sentences concurrently.

The BOP has accepted the rule of *Barden* and set forth the factors to be considered in determining whether to make such a designation in Program Statement 5160.05. The BOP is authorized to make such a designation, but is not required to do so.

Accordingly, **IT IS ORDERED** that:

1. Butler's petition for a writ of habeas corpus [R. 2] is **DENIED.**

2. The Court will enter an appropriate judgment.

This 15th day of September, 2011.



Signed By:
Henry R. Wilhoit, Jr.
United States District Judge